**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION**

PV ENTERPRISES 3, LLC,

    Plaintiff,

v.                                      Case No:  2:13-cv-319-FtM-38DNF

SANIBEL SUNDIAL PARTNERS, LLC,

    Defendant.
_____/

## ORDER

This matter comes before the Court on review of the file.  Plaintiff PV Enterprises 3, LLC brings the instant suit against Defendant Sanibel Sundial Partners, LLC based on the diversity of citizenship of the Parties.  (Doc. #1).   Diversity jurisdiction exists where the amount in controversy exceeds the sum or value of $75,000 and is between "citizens of a State and citizens or subjects of a foreign state . . . ." Moreno v. Breitburn Florida, LLC, 2011 WL 2293124 *1 (M.D. Fla. June 9, 2011) (citing 28 U.S.C. § 1332(a)(2)).  This requires complete diversity of citizenship, and that the matter in controversy exceed the sum or value of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a); Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1261 (11th Cir. 2000). "Since Strawbridge v. Curtiss, 7 U.S. 267, 3 Cranch 267, 2 L. Ed. 435 (1806), we have read the statutory formulation 'between ... citizens of different States' to require complete diversity between all plaintiffs and all defendants ." Lincoln Prop. Co. v. Roche, 546 U.S. 81, 89, 126 S. Ct. 606, 163 L.Ed.2d 415 (2005). In an action filed directly in federal court, plaintiff bears the burden of adequately pleading, and ultimately proving, jurisdiction. King v. Cessna Aircraft Co., 505 F.3d 1160, 1171 (11th Cir. 2007).

As this Court has previously held, a limited liability company [LLC] is a citizen of every state in which one of its members is located. Moreno v. Breitburn Florida, LLC, 2012 WL 3638957, at *1 (M.D. Fla. Aug. 23, 2012) (citing Rolling Greens MHP, L.P. v. Comcast SCH Holdings, LLC., 374 F.3d 1020, 1022 (11th Cir. 2004) ("[L]ike a limited partnership, a limited liability company is a citizen of any state of which a member of the company is a citizen") (collecting cases)).

In the instant Complaint, Plaintiff has failed to establish the complete diversity of the Parties. Both of the Parties are Limited Liability Companies. This requires that each member of the Plaintiff LLC be diverse from each member of the Defendant LLC in this case. The Plaintiff has failed to state the citizenship of the members of the LLCs. Therefore, the Plaintiffs have failed to establish the Court's subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a). In order to maintain their case in this Court, the Plaintiffs must establish that each of the members of the LLCs are diverse from each other. Moreno, 2011 WL 2293124 at *1. Thus, the Court will allow Plaintiff the opportunity to re-plead. 28 U.S.C. § 1653. Failure to comply with this Order may result in the case being dismissed without further notice for lack of subject matter jurisdiction.[1]

Accordingly, it is now

---

[1] The Court notes that the Plaintiff's Certificate of Interested Persons and Corporate Disclosure Statement (Doc. #10) lists Vasanthakumara Selvarajah, Varathan Kandasamy, Graham Parker, Philip Cohen, Richard Inglis, Esq., Freidin & Inglis, PA, Corestates Realty Group, LLC, Edward J. McGahan III, William Spriopoulos, George Knott, and Knott Ebelini Hart as those that have or may have an interest in the outcome of this action. The Certificate does not, however, articulate whether these individuals and entities are members of the Plaintiff or Defendant nor does it state the citizenship of these individuals and entities. The Court informs Plaintiff that if Corestates Realty Group, LLC is a member of either the Plaintiff or Defendant (or any LLC is a member for that matter), then the members of Corestates Realty Group, LLC must also be included for diversity purposes. See Moreno v. Breitburn Florida, LLC, 2012 WL 3638957, at *3 (M.D. Fla. Aug. 23, 2012) (citing Burford v. State Line Gathering System, LLC, 2009 WL 2487988 (W.D. La. Aug.12, 2009) ("[i]f the members are themselves partnerships, LLCs, corporations or other form of entity, their citizenship must be alleged in accordance with the rules applicable to that entity, and the citizenship must be traced through however many layers of members or partners there may be.")).

**ORDERED:**

(1) Plaintiff's Complaint (Doc. #1) is **DISMISSED without prejudice**.

(2) Plaintiff may file an amended complaint on or before **July 9, 2013** in accordance with the above.

**DONE** and **ORDERED** in Fort Myers, Florida this 18th day of June, 2013.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record